**CHEMICAL OVERSEAS HOLDINGS, INC., Credit Suisse First Boston, Dresdner Bank Lateinamerika AG, Petitioners–Appellees,**

v.

**REPUBLICA ORIENTAL DEL URUGUAY, Respondent– Appellant.**

No. 05–4068–CV.

United States Court of Appeals, Second Circuit.

April 14, 2006.

Lawrence G. McMichael, Virginia H. McMichael, Holly R. Rogers, Dilworth Paxon LLP, Philadelphia, PA, for Respondent–Appellant.

Henry Weisberg, Shearman & Sterling LLP, Louis, B. Kimmelman, O'Melveny & Myers LLP, New York, NY, for Petitioners–Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER,* Circuit Judges.

## SUMMARY ORDER

Respondent-appellant Republica Oriental del Uruguay ("Uruguay") appeals from the March 25, 2005 judgment of the district court confirming an arbitration award between the parties. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

An Uruguayan court has entered an order attaching the credit owed to appellees under their agreement with Uruguay. Uruguay argues that, in light of the Uruguayan court's order, the district court should not have confirmed the arbitration award because it should have afforded the Uruguayan order international comity and because not according the order international comity would violate public policy. "In reviewing a district court's confirmation of an arbitral award, we review legal issues de novo and findings of fact for clear error." *Pike v. Freeman,* 266 F.3d 78, 86 (2d Cir.2001).

We need not resolve the issue raised by Uruguay because, here, there is no actual conflict between confirmation of the arbitration award and the Uruguayan attachment order. Unlike in *Sea Dragon, Inc. v. Gebr. Van Weelde Scheepvaartkantoor B.V.,* 574 F.Supp. 367 (S.D.N.Y.1983), relied on by Uruguay, the arbitration award does not direct present payment. In this case, the confirmation of the arbitration award specifically stated that there could be no execution of the award without further order of the court. Thus, confirmation of the award did not require immediate payment by Uruguay, the only action

---

* Hon. Guido Calabresi, Judge of the United States Court of Appeals for the Second Circuit, who was originally assigned to this appeal, has recused himself.

that might have conflicted with the attachment order. It is also unclear that the attachment order actually directed Uruguay not to pay the debt the order assumes it owes appellees. The property that is actually attached in this case is the credit possessed by appellees, not the money held by Uruguay. Therefore, public policy did not require the district court to refuse to confirm the arbitration award.

For the foregoing reasons, the judgment of the district court is AFFIRMED. Uruguay's motion to supplement the record is DENIED. Appellees' request for an award of reasonable attorneys fees incurred in this appeal is GRANTED and appellees are direct to submit affidavits demonstrating time spent.